UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Western Division

KAREN THRELKELD, )
    Plaintiff; )
  )
-vs.- ) No. CV-98-P-3228-W
  )
ANDERSEN CONSULTING L.L.P., )
    Defendants. )

ENTERED
MAR 6 2000

OPINION

    Oral argument was heard on Defendant's January 12, 2000 Motion for Summary Judgment at the court's March 3, 2000 motion docket. After careful consideration, the court finds that summary judgment is due to be granted in favor of Defendant.

Facts[1]

    From October 1987 to January 1998, Plaintiff Karen Threlkeld, an African-American female, was employed by BellSouth in information technology positions including Project Manager and Business Analyst. She has a bachelor's degree in computer science and, at the time, was finishing a masters degree. In May 1997, BellSouth announced that a number of its operations, including Plaintiff's department, would be "outsourced," to Andersen Consulting. Under the outsourcing agreement, Andersen would choose which BellSouth employees would remain on as

---

[1]The recitation of facts is presented in the light most favorable to Plaintiff.

1

Andersen employees.

In June 1997, Plaintiff applied for a position with Andersen, as was required in order to "maintain" her job at BellSouth. Andersen required most BellSouth employees who wished to stay on to take part in a three-part process: a written examination, a personality test, and an interview. Plaintiff failed the written exam and was not offered a position with Andersen.[2] According to Plaintiff, she was the only African-American employee in her group and the only one who was not hired.

In March of 1998, Plaintiff again applied for a position with Defendant through a recruiter. According to Plaintiff, he submitted her resume to Andersen, and was told that they could not hire her. See Pl.'s Dep. at 111. On May 13, 1998, Plaintiff filed an EEOC charge against Defendant, alleging that Andersen discriminated against her on the basis of race for failing to hire her both at the time of the outsourcing and in March 1998.

During May, June and July of 1998, Plaintiff was contacted by third-party recruiters in response to her resumè, which she had posted on the Internet. With her permission, these recruiters submitted her resumè to Andersen. Plaintiff was contacted by Phyllis Kaye, who told her that an Andersen recruiter had said that they had a "conflict of interest" because Plaintiff was a former BellSouth employee. See Pl.'s Dep. at 113-15. In June 1998, Plaintiff spoke to Steve Clement and gave him permission to submit her resume again to Andersen. Soon thereafter, he called her and asked if she was suing Andersen. She told him that she had filed an EEOC charge. Clements also asked her if she had applied for a position with the company before. When she

---

[2] Plaintiff contends that although her score was too low to qualify for a "Lead" (management) position, she scored high enough to be considered for a "Developer" position, but was not so considered.

replied that she had, he said, "well, for obvious reasons, they are not going to hire you." Pl.'s Dep. at 116-17. In July, a man who Plaintiff believed was from Andersen called her about a position; although each left messages on the other's answering machine, they never actually spoke.

Plaintiff filed suit on December 31, 2000, alleging race discrimination in failure to hire and retaliation under § 1981. Plaintiff later amended her complaint to add claims under Title VII. On January 13, 2000, the court dismissed her discriminatory hiring claims pursuant to Plaintiff's voluntary motion to dismiss. Defendant moves the court to dismiss Plaintiff's remaining claims of retaliation under § 1981 and Title VII.

<u>Analysis</u>

To proceed on her retaliation claims, Plaintiff must show: 1) she engaged in statutorily protected activity; 2) an adverse employment action; and 3) the adverse action was causally related to her protected activities. See <u>Coutu v. Martin County Bd. Of County Com'rs</u>, 47 F.3d 1068, 1074 (11th Cir. 1995). The only evidence Plaintiff submits of a causal relation between her EEOC charge and Andersen's failure to hire her after May, 1998 is 1) testimony that Andersen recruiters knew about her EEOC charge and mentioned it to Clements, and 2) her belief that Andersen's stated reason for not hiring her after the transition, that they had an unwritten policy of not hiring former BellSouth employees who had applied and were not hired at the time of the outsourcing, was a pretext for discrimination and retaliation.

Prior to her filing an EEOC charge, Plaintiff applied and was not hired by the Defendant on two occasions. She admits that in March, 1998, a recruiter told her that "they say they can't hire you" and she did not ask him why. There is no evidence that Andersen continued to reject

3

Plaintiff's application for employment because of her EEOC charge other than testimony that Melissa Fanning, an Andersen recruiter, told Clements or someone in his office that Plaintiff had filed a suit against the company. Construed in the light most favorable to Plaintiff, this comment may mean that her EEOC charge was a consideration in Defendant's refusal to hire Plaintiff for the third time. At most, it would suggest that Defendant had "mixed motives" in failing to hire Threlkeld in May and June, and Defendant can still prevail if it can prove that it would have made the same decision in the absence of the impermissible consideration. See Price Waterhouse v. Hopkins, 490 U.S. 228, 258 (1989).

Defendant has also submitted credible evidence of a legitimate, nondiscriminatory reason for failing to hire Plaintiff: its policy not to hire any BellSouth employee who had not originally been hired. The evidence- especially Defendant's decision not to hire Plaintiff on two prior occasions- suggests that Andersen would not have hired Threlkeld in the spring and summer of 1998, regardless of whether or not she filed an EEOC charge. A reasonable jury could not conclude from the evidence that Andersen's stated reason for failing to hire her after March 1998 was pretext for either race discrimination or retaliation for her EEOC complaint. Summary judgment is therefore due to be granted on Plaintiffs' retaliation claims under both Title VII and § 1981.

Dated: _March 6_, 2000

_Sam C. Pointer_
Judge Sam C. Pointer, Jr.

Service List:
 Marvin L. Stewart, Jr.
 Jay St. Clair
 Ronald H. Kent

4